Joseph J. SPARACIO,
Plaintiff-Appellant,

v.

CITY OF BRIDGETON et al.,
Defendants-Respondents.

No. 39422.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 10, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 17, 1978.

Love, Lacks, McMahon & Schwarz, Thomas K. Edelmann, Chester A. Love, Jr., Clayton, for plaintiff-appellant.

Lewis C. Green, Richard D. Lageson, St. Louis, for defendants-respondents.

SMITH, Judge.

Plaintiff appeals from the action of the trial court in dismissing his petition for declaratory judgment based upon defendants' terminating his employment as executive director of parks contrary to an alleged employment contract.

On appeal plaintiff set forth three "points" as follows:

"The Bridgeton Park Board Had Authority to Employ Plaintiff as its Executive Director of Parks and Recreation. [Citations omitted]

"The Bridgeton Park Board Had Authority to Enter Into the Employment Contract with Plaintiff. [Citations omitted]

"The City of Bridgeton Was Bound by the Actions of the Park Board and is Obligated on the Contract With Plaintiff." [Citations omitted]

These points are not in compliance with Rule 84.04(d). An extensive, thorough and helpful discussion of the requirements of this rule and the reasons therefor is found in *Thummel v. King,* 570 S.W.2d 679 (Mo. Sup.1978). It is clear from that opinion, the language of the rule and the many decisions of the appellate courts of this state that the brief of appellant herein does not comply with the rules. We additionally note that the first and most serious point raised by respondents, that public office cannot be the subject of a valid contract, was not addressed by appellant in either his original or reply brief.

Respondents filed a motion to dismiss the appeal for failure to comply with the rules. That motion was taken with the case. It is now granted.

Appeal dismissed.

CLEMENS, P. J., and McMILLIAN, J., concur.